
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NRG ENERGY, INC., a Delaware corporation, | No. 11-56828 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 3:10-cv-00989-H-WVG |
| v. | |
| JERRY M. FUCHS, an individual, | MEMORANDUM* |
| Defendant-third-party-plaintiff - Appellant, | |
| v. | |
| ENEL NORTH AMERICA, INC., a Delaware corporation, | |
| Third-party-defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted December 17, 2013[]
San Francisco, California

Before:  CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Jerry Fuchs appeals the district court's order granting partial summary judgment in favor of NRG Energy, Inc. (NRG) on NRG's breach of contract, unjust enrichment, and money had and received claims.  Fuchs also appeals the district court's order granting summary judgment in favor of Enel North America, Inc. (ENA) on Fuch's third-party complaint against ENA.[1]

We review a district court's grant of summary judgment de novo.  *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1028 (9th Cir. 2000).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    <u>NRG's suit against Fuchs</u>

It is undisputed that NRG and Fuchs entered into a Separation, Severance, and General Release Agreement (Severance Agreement), and that NRG performed under the Severance Agreement when it paid Fuchs $1 million.  *See Harris v. Rudin, Richman & Appel*, 87 Cal. Rptr. 2d 822, 828 (Ct. App. 1999).  NRG

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1]    Because the parties are familiar with the facts of the case, we will not recount them here.

presented evidence that Fuchs resigned from ENA for convenience after two weeks. Following his resignation, Fuchs failed to pay NRG the portion of the $1 million the Severance Agreement required him to repay if he left ENA before working for one year. Fuchs argues that he withdrew his resignation for convenience and resigned for good reason. Fuchs's argument is not supported by the evidence. Fuchs did not cite a material breach by ENA when he resigned. Further, the record shows that ENA accepted and relied on Fuchs's resignation for convenience, thus making it irrevocable. *See Ulrich v. City & Cnty. of S.F.*, 308 F.3d 968, 975–76 (9th Cir. 2002). Fuchs argues that ENA's acceptance of his for convenience resignation was invalid because ENA sent it by email even though the Employment Agreement required that "[a]ny notice, communication or request provided for in this Agreement shall be in writing and shall be personally delivered." But unlike Fuchs's notice of resignation, ENA's acceptance of his resignation was not a notice "provided for" in the Employment Agreement. ENA's email was therefore valid acceptance of his resignation. Fuchs breached the Severance Agreement when he failed to comply with its reimbursement provision. *See Harris*, 87 Cal. Rptr. 2d at 828.

NRG also presented undisputed evidence that it suffered monetary damages of $274,332.85 due to Fuchs's breach of the Severance Agreement. *See id.*

3

Fuchs's argument that NRG never intended to enforce the reimbursement provision is not supported by the record.[2] Summary judgment in favor of NRG on its breach of contract claim was proper because Fuchs failed to raise any triable issues of fact regarding his breach of the Severance Agreement.

Fuchs failed to make any arguments regarding NRG's unjust enrichment and money had and received claims in his opening brief. Accordingly those issues are waived. *See Christian Legal Soc. Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 485 (9th Cir. 2010). Even if he had not waived those arguments, we find no merit in them.

2.      Fuchs's third-party complaint against ENA

It is undisputed that Fuchs and ENA had a valid employment agreement (Employment Agreement). Fuchs argues that ENA breached the Employment Agreement by failing to adequately fund certain projects. *See Harris*, 87 Cal. Rptr. 2d at 828. Consequently, Fuchs claims that he would not have been able to obtain

---

[2]      Fuchs argues on appeal that the reimbursement provision is unenforceable because it would allow NRG to obtain a waiver of his claims against it "for free." This argument fails on its own terms. The Severance Agreement required Fuchs to reimburse only approximately $275,000 of his $1 million severance. The waiver NRG obtained, even accounting for reimbursed severance, was therefore hardly "for free." Hence, to the extent Fuchs argues that the reimbursement provision "was unreasonable under the circumstances existing at the time the contract was made," Cal. Civ. Code § 1671(b), because it allowed NRG to obtain benefits "for free," we reject this argument.

"earn-out payments" based on those projects achieving certain developmental milestones, as set forth in the tables in Exhibit C of the Employment Agreement. But Exhibit C gave ENA discretion to "tak[e] into account the continuing economic viability of each [of the subject projects]" and it had the discretion to fund, or not fund, the projects. Fuchs failed to present any evidence that ENA breached the Employment Agreement. The district court properly entered summary judgment in favor of ENA on Fuchs's breach of contract claim.

Fuchs also argued that ENA committed fraud because ENA misrepresented its intent to fund the development of the projects. As explained, ENA was given discretion to determine the amount of funding for the projects under the Employment Agreement. Fuchs presented no evidence that ENA's representations regarding its funding of the projects were false. *See Anderson v. Deloitte & Touche, LLP*, 66 Cal. Rptr. 2d 512, 515 (Ct. App. 1997). Also, Fuchs failed to provide any evidence of his damages. *See id.* His negligent misrepresentation claim fails for the same reasons. *See Nat'l Union Fire Ins. Co. v. Cambridge Integrated Servs. Grp., Inc.*, 89 Cal. Rptr. 3d 473, 483 (Ct. App. 2009). Summary judgment in favor of ENA on Fuchs's fraud and negligent misrepresentation claims was appropriate.

5

Fuchs failed to make any arguments regarding his breach of the implied covenant of good faith and fair dealing or equitable indemnity claims against ENA in his opening brief. He also did not make any arguments regarding the district court's award of fees to both NRG and ENA. Accordingly those issues are waived. *See Wu*, 626 F.3d at 485.

**AFFIRMED.**